# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JOHNNY LEE MILLS**
**ADC #101074**                                                                                 **PLAINTIFF**

**V.**                              **NO. 4:23-cv-00659-KGB-ERE**

**JAMES HOOT GIBSON**                                                                      **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

This Recommendation has been sent to United States District Chief Judge Kristine G. Baker. Any party may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Chief Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.   Background:**

*Pro se* plaintiff Johnny Lee Mills, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Mills is currently proceeding on his Eighth Amendment claim against Defendant

Gibson.[1] *Doc. 7*. He alleges that Defendant Gibson failed to protect him from an inmate attack that occurred on February 11, 2023. *Doc. 6*.

Defendant Gibson has now filed a motion for summary judgment, a statement of facts, and a supporting brief arguing that Mr. Mills failed to fully exhaust his administrative remedies before filing this lawsuit. *Docs. 17, 18, 19*. Mr. Mills has not responded to Defendant Gibson's motion, and the time for doing so has passed. *Doc. 22*. The motion is now ripe for review.

For the reasons stated below, Defendant Gibson's motion for summary judgment (*Doc. 17*) should be granted.

### III.  Discussion:

---

[1] Mr. Mills' original complaint alleged that, on February 11, 2023, while he was housed at the Varner Unit, inmate Paul Norris "brutally and viciously attacked" him. *Id. at 2*. As a result of the attack, Mr. Mills' eyes were "beaten shut" and his right knee was permanently damaged. *Id*. He explained that, although the attack lasted for over 30 minutes, ADC staff members failed to sound an alarm during the incident. He sued the Warden of the Varner Unit, James Hoot Gibson, in his individual capacity only, alleging that Defendant Gibson: (1) was aware of inmate Norris' history of "inmate-on-inmate assaults" (*Id. at 7*); (2) had previously overturned three of inmate Norris' disciplinary convictions for assault; (3) "had actual knowledge of the risk of another inmate assault by Inmate Norris" (*Id. at 8*); and (4) knew that Mr. Mills' housing area was inadequately staffed and lacked adequate surveillance on the date in question. Mr. Mills sought declaratory and monetary relief. He asserted an Eighth Amendment failure to protect claim against Defendant Gibson, as well as state law claims for assault, battery, and negligence.

On July 20, 2023, the Court entered an Order explaining why Mr. Mills' original complaint was deficient but postponing screening to give him the opportunity to file an amended complaint. *Doc. 5*.

On August 7, 2023, Mr. Mills filed an amended complaint. *Doc. 6*. Mr. Mills' amended complaint again alleges that Defendant Gibson failed to protect him from the February 11, 2023 inmate attack. The amended complaint cures the previously identified deficiencies by providing further detail regarding both the inadequate security of the barracks and Defendant Gibson's alleged knowledge of inmate Norris' propensity for violence against other inmates. The Court determined that the amended complaint stated an Eighth Amendment claim against Defendant Gibson but abandoned any state law tort claims. *Doc. 7*.

### A. The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted before filing a civil lawsuit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). By law, Mr. Mills had to follow the ADC's requirements for raising and exhausting his pending claims before bringing this action.[2]

---

[2] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

### B.     The ADC Grievance Procedure

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34. *Doc. 17-1*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19*.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising the claim with the Warden within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's decision. *Id. at 6-14*. The grievance process ends when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejects the appeal. *Id. at 14*.

To complete the exhaustion process before bringing this lawsuit, Mr. Mills was required to present his claims against Defendant Gibson in a timely filed grievance and pursue all three steps of the ADC's grievance process until he received a decision on the merits at the final stage. See *Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis

4

in original); *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (a prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits.").

C.  **Mr. Mills' Grievance History**

Defendant Gibson submits the affidavit of Terri Grigsby, the ADC Inmate Grievance Supervisor, in support of his motion. *Doc. 17-1*. Ms. Grigsby states that, based on a review of Mr. Mills' grievance history, she only found one grievance in which Mr. Mils complained about an inmate attack, VU-23-100. *Id. at 5*.

In grievance VU-23-100, Mr. Mills complains about an inmate attack that occurred on March 14, 2023. *Doc. 17-3 at 2*. The grievance makes no reference to either: (1) the February 11, 2023 inmate attack at issue in this case; or (2) Defendant Gibson by name or title.

Mr. Mills has not come forward with any evidence contradicting Ms. Grigsby's testimony. As a result, on this record, there is no genuine issue of material fact regarding Mr. Mills' failure to exhaust his administrative remedies as to the claims in this lawsuit, and Defendant Gibson is entitled to judgment as a matter of law.

IV. <u>Conclusion</u>:

IT IS THEREFORE RECOMMENDED THAT:

5

1.  Defendant Gibson's motion for summary judgment (*Doc. 17*) be GRANTED.

2.  Mr. Mills' claims be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies.

3.  The Clerk be instructed to close this case.

DATED 12 February 2024.

                                        _____
                                        UNITED STATES MAGISTRATE JUDGE